

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8001 | **DATE** | 7/3/2002 |
| **CASE TITLE** | Philip Jackson vs. IL Bell Telephone Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 7/16/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [19-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUL - 8 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 86 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RO | courtroom deputy's initials | | 02 JUL -3 PM 2:04 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
JUL 8 2002

| | |
|---|---|
| PHILIP JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS BELL TELEPHONE COMPANY )<br>d/b/a AMERITECH ILLINOIS, )<br>AMERITECH CORP., SBC )<br>COMMUNICATIONS, INC., VTECH )<br>TELECOMMUNICATIONS LIMITED, )<br>VTECH COMMUNICATIONS, INC., )<br>NORTEL NETWORKS, INC., )<br>and TDS METROCOM, INC. )<br>)<br>Defendants. ) | No. 01 C 8001<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Philip Jackson filed suit against Illinois Bell Telephone Company d/b/a Ameritech Illinois ("Illinois Bell"), Ameritech Corp. ("Ameritech"), SBC Communications, Inc. ("SBC"), VTech Telecommunications Limited ("VTech Telecommunications"), VTech Communications, Inc. ("VTech Communications"), Nortel Networks, Inc. ("Nortel"), Winstar Communications, Inc. ("Winstar") and TDS Metrocom, Inc. ("TDS Metrocom"), maintaining that Defendants infringed United States Patent No. 4,596,900. Currently before the Court is SBC and Ameritech's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, SBC and Ameritech's motion to dismiss is denied. (R. 19-1.)



**RELEVANT FACTS**

On June 24th, 1986, the United States Patent and Trademark Office ("PTO") issued patent number 4,596,900 ("the '900 Patent"), titled "Phone-Line-Linked, Tone-Operated Control Device" to Jackson. (R. 1-1, Ex. A, U.S. Patent No. 4,596,900.) The patented device detects a predetermined sequence of signals sent over a telephone line and responds with a control signal. (*Id.*) The control signal can be used to remotely control another application. (*Id.*)

Once in 1994 and twice in 1995, the PTO received Reexamination Requests of the '900 Patent. (*Id.*, Ex. B., U.S. Patent No. 4,596,900.) The PTO issued two Reexamination Certificates, one in 1995 confirming the validity of the '900 Patent's seventeen original claims and another in 1997 adding ninety-nine additional patentable claims. (*Id.*, Compl. ¶¶ 13-14.) Currently, numerous companies hold licenses under the '900 Patent. (*Id.* at ¶ 15.)

On October 17th, 2001, Jackson filed a complaint charging Illinois Bell, Ameritech, SBC, VTech Telecommunications, VTech Communications, Nortel, Winstar and TDS Metrocom with patent infringement "either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271." (*Id.* at ¶ 16.) Jackson noted in the complaint that SBC "sells answering machines" and that Ameritech "provides voice mail systems." (*Id.* at ¶ 7.)

SBC moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) and (3) on the grounds that this Court lacks jurisdiction over SBC and that venue is improper. (R. 19-1, Mot. to Dismiss.) SBC and Ameritech also moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Jackson failed to state a claim upon which relief can be granted. (*Id.*) SBC later withdrew the portion of the motion to dismiss that asserted a lack of personal jurisdiction and improper venue. (R. 35-1, Notice of Withdrawal of

2

Portion of Mot. to Dismiss.) Presently before this Court is SBC and Ameritech's motion to dismiss pursuant to Rule 12(b)(6). After careful review in accordance with the applicable standards, the motion to dismiss is hereby denied.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When considering a motion to dismiss, this Court views all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff. *Id.* We will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). *See also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chi.*, 230 F.3d 319, 323-24 (7th Cir. 2000) (quotations and citations omitted).

## ANALYSIS

### I. The Court Will Not Consider Matters Outside the Pleadings in a Motion to Dismiss

The Federal Rules of Civil Procedure dictate that matters outside the pleadings cannot be considered when deciding a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(b).

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3

*Id.* SBC and Ameritech's motion to dismiss, Jackson's response to the motion to dismiss, Jackson's amended response to the motion to dismiss and SBC and Ameritech's reply in support of the motion to dismiss, include information extraneous to the original facts pleaded in the complaint. Because neither party has requested that the Court convert the motion to dismiss into a Rule 56 motion for summary judgment, we focus our analysis solely on the factual allegations presented in the original complaint. For the purpose of deciding this motion, we ignore all factual allegations included as exhibits in support of or in opposition to the motion to dismiss.[1]

**II. Jackson's Complaint States a Claim Upon Which Relief Can Be Granted.**

Patent infringement under 35 U.S.C. § 271 can take place directly, by acts of inducement or by acts of contributory infringement. 35 U.S.C. § 271(a)-(c). Direct patent infringement occurs when someone "makes, uses, offers to sell, or sells any patented invention, within the United States." *Id.* at § 271(a). Patent infringement by acts of inducement occurs when someone knowingly encourages, causes, urges or aids another in infringement. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 411 (5th Cir. 1963). Patent infringement by acts of contributory infringement occurs when someone sells a component of a patented machine knowing that the component will be used to infringe such patent. 35 U.S.C. § 271(c).

In order to plead a § 271 violation, the plaintiff need only state sufficient facts to put the alleged infringer on notice. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). In *Phonometrics*, the district court dismissed the complaint under Rule

---

[1] Even if the Court had considered all the extraneous information included in the exhibits, the Court would have reached the same result with respect to this pending motion.

4

12(b)(6) because the plaintiff did not include express allegations of infringement. *Id.* at 792. The Federal Circuit reversed, holding that:

> Phonometrics' complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked. Thus, Phonometrics' complaint contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more.

*Id.* at 794. Similarly, Jackson's complaint includes all the factual specificity that is required by the federal courts under the notice pleading standard. First, Jackson alleges ownership of the asserted patent by stating that he "owns all right, title and interest in and has standing to sue for infringement" of the '900 Patent. (R. 1-1, Compl. ¶ 4.) Second, Jackson names each individual Defendant. (*Id.* at ¶¶ 5-12.) Third, Jackson cites the patent that is allegedly infringed. (*Id.* at ¶ 4.) Fourth, Jackson describes the means by which Defendants allegedly infringe by pleading that "[e]ach of the defendants has infringed the patent in suit either directly or through acts of contributory infringement or inducement." (*Id.* at ¶ 16.) Jackson further alleges that Ameritech "provides voice mail systems" and that SBC "sells answering machines." (*Id.* at ¶ 7.) Finally, Jackson points to the specific sections of the patent law invoked by alleging a "violation of 35 U.S.C. § 271." (*Id.* at ¶ 16.) Thus, as the complaint includes all the factual specificity that is required under the notice pleading standard, we deny SBC and Ameritech's motion to dismiss the complaint.

## CONCLUSION

For the foregoing reasons, SBC and Ameritech's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), is denied. (R. 19-1.) This Court will hold a status hearing on July 16, 2002 at 9:45 a.m. to set a firm litigation schedule for this lawsuit.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: July 3, 2002**